**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Fred D. CALVERT, Jr., Defendant–
Appellant.**

No. 10–2622.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 16, 2011.*

Decided Feb. 18, 2011.

Jeffrey Perconte, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Andrew J. McGowan, Richard H. Parsons, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R.APP. P. 34(a)(2)(C).

Before WILLIAM J. BAUER, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, DIANE S. SYKES, Circuit Judge.

## ORDER

Fred Calvert, Jr. and two other men agreed to help a drug courier rob a "stash house," but the courier was actually a federal agent. After being arrested and indicted, Calvert pleaded guilty to conspiring to possess cocaine with intent to distribute, *see* 21 U.S.C. §§ 846 and 841(a), and possessing a firearm in relation to a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A). He was subject to mandatory minimum sentences of 10 years on the conspiracy charge and 5 years on the firearm charge. *See* §§ 841(b)(1)(A), 846; § 924(c)(1)(A)(i). The judge imposed a 188–month sentence on the former charge and a consecutive 60–month sentence on the latter, resulting in a total sentence of 248 months.

On appeal Calvert argues only that he should not receive a consecutive sentence under § 924(c), based on that statute's "except" clause. As is relevant here, the statute provides that a court shall impose a minimum five-year consecutive sentence if the defendant possesses a firearm "in furtherance of" a drug trafficking crime, "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." § 924(c)(1)(A). He argues that this "except" clause precludes courts from imposing a mandatory minimum sentence under § 924(c)(1)(A) if the underlying criminal statute—here § 841(b)(1)(A)—mandates a greater minimum sentence. Because the conspiracy charge carried a 10–year mandatory minimum, he urges that the 5–year mandatory minimum for his weapons charge should not apply.

The Supreme Court recently rejected this argument, however, in *Abbott v. United States*, —— U.S. ——, 131 S.Ct. 18, 178 L.Ed.2d 348 (2010). There the Court concluded that a defendant subject to a mandatory consecutive sentence for a § 924(c) conviction is "not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Id.* at 23; *see United States v. Spagnola*, 632 F.3d 981, 989–90 (7th Cir.2011); *United States v. Easter*, 553 F.3d 519, 525 (7th Cir.2009).

AFFIRMED.